Submitted November 3, affirmed December 30, 2015

In the Matter of the Marriage of

Roy Mack MERRITT,
*Petitioner-Appellant*

*and*

Shelly Ann ALTER,
nka Shelly Ann Bernier,
*Respondent-Respondent,*

*and*

STATE OF OREGON,
*Third Party,*

*and*

Zachary Makiah MERRITT,
*Adult Child-Respondent.*

Marion County Circuit Court
01C30948; A153895

365 P3d 1141

Elaine D. Smith-Koop and Elaine D. Smith-Koop, LLC, filed the briefs for appellant.

Sean E. Armstrong and Garrett Hemann Robertson P.C. filed the brief for respondent Shelly Ann Alter.

No appearance for respondent Zachary Makiah Merritt.

Before Sercombe, Presiding Judge, and Nakamoto, Judge, and Tookey, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

In this domestic relations case, father obtained an order for mother and the state to show cause why the court should not, among other things, order mother to refund overpayments of child support that he allegedly had made. The court held an evidentiary hearing on that issue, and, after father rested, mother moved for a judgment of dismissal under ORCP 54 B(2). The trial court agreed with mother that father had failed to establish a *prima facie* case and entered a supplemental judgment. The court also awarded mother her attorney fees under ORS 107.135(8) in an additional supplemental judgment. Father appeals both of those judgments. Because father failed to establish a *prima facie* case of overpayment of child support, we conclude that the trial court correctly denied relief. As for the court's ruling on attorney fees, we conclude that each of father's arguments lacks merit. Accordingly, we affirm.[1]

The background and procedural facts are undisputed. At the time of the dissolution in 2003, father was serving in the United States Army; father later retired in 2006. The stipulated judgment of dissolution awarded mother "child support in a sum of $635 per month or the military dependent allotment, *whichever is greater*." (Emphasis added.) Child support for father and mother's two sons was due each month, with payments to be made "through the Department of Justice, Child Support Services." At the time of dissolution, the older son was 16 years old and the younger son was 10 years old.

In 2011, father filed an *ex parte* motion for an order to show cause, in which he sought to (1) terminate his child support obligation, (2) establish that he had no arrears in payment, (3) obtain a refund from mother of overpayments of child support that he had allegedly made, and (4) receive an award of his attorney fees under ORS 107.135(8). Mother filed a response to father's motion in which she agreed that father had no arrears in child support payments but opposed the other relief he sought. Mother also alleged a right to attorney fees under ORS 107.135(8).

---

[1] Father also challenges a fee award to his son. We reject father's assignment of error to that award without discussion.

In 2013, the court held an evidentiary hearing on father's claimed child support overpayments. Father and mother testified in father's case. The court also received a number of exhibits into evidence. At the conclusion of father's evidence, mother moved for dismissal of father's claim under ORCP 54 B(2), which provides that, in a matter tried by the court, the defendant "may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." Mother argued that father had not established how much child support he was obligated to pay and whether the state had collected more money than he was obligated to pay.

The trial court took the matter under advisement and issued a letter opinion, agreeing with mother. The court then stated its ruling in a supplemental judgment concerning alleged child support overpayments:

> "3.   Father failed to prove how much child support he actually owed Mother each month in that he did not provide Mother at any point up to the filing of this proceeding, during the pendency of this proceeding despite Mother's requests, or to this court during the hearing on his motion, evidence to demonstrate whether the amount being collected by the Department of Justice, Child Support Services ($635 per month) was actually higher than the military dependent allotment Father was entitled to receive.

> "4.   Father has failed to demonstrate that he overpaid the child support obligation due to Mother under the terms of the Stipulated Judgment of Dissolution of Marriage. The court accepts Mother's stipulation that Father has paid in full all child support due to her on behalf of the parties' children.

> "5.   Mother moved the court for involuntary dismissal of Father's claim pursuant to ORCP 54 B(2) because Father failed to offer sufficient evidence to support his position. Father did not prove a right to relief and it is therefore appropriate to grant Mother's motion for dismissal."

Also in the supplemental judgment, the court terminated father's support obligation as of May 2011; directed that the judgment be treated as a satisfaction of the money award due to mother and directed the state to update its records accordingly; ordered that any request for attorney fees be

adjudicated under procedures in ORCP 68; and denied father's request for an order requiring mother to pay him for amounts of child support that he had allegedly overpaid.

Mother then filed a petition for attorney fees. Over father's objection, the court awarded mother more than $10,000 in fees in a second supplemental judgment. Father acknowledges in his brief that, during the proceedings, the parties' younger son was over 18 years old and was attending community college. Father now appeals both judgments.

Contrary to father's argument on appeal, the record supports the trial court's conclusion that father failed to prove a right to relief on his claim that he overpaid child support. It is undisputed that, under the terms of the dissolution judgment, if father did not receive a military dependent allotment, then his child support obligation was only $635 per month. Father testified that he retired from the military in 2006, and from that time sent what he termed a "voluntary allotment"—a payment of $635 per month— to mother's credit union, which he stopped sending in May 2011 on advice of counsel. Father also testified and submitted exhibits showing that the state garnished money from his retirement pay beginning in 2010 and, at various points, intercepted tax and economic stimulus refunds for child support, resulting in, at least in part, duplicate payments.

Critical to father's argument is his assertion that he established that (1) he did not receive a military dependent allotment after he retired in 2006, which means that his child support obligation was in fact $635 per month from that point forward, and (2) in some months, he paid mother what was due through monthly $635 deposits to her credit union account while the state also garnished his retirement pay and intercepted tax refunds. In support of that proposition, which mother disputes, father points to his testimony and two exhibits.

Father relies on Exhibit 2, a grouping of his retiree account statements, which shows nothing concerning a military dependent allotment. Father also relies on Exhibit 14, a grouping of his pay stubs through 2005, but Exhibit 14 also shows nothing about a military dependent allotment. Each pay stub in Exhibit 14 contains a record of payment of basic

allowances for subsistence, housing, and quarters. And, neither father nor mother testified concerning the significance of Exhibits 2 and 14.

We agree with mother that, on their face, the exhibits on which father relies do not establish the amount of father's military dependent allotment or when he received one. Mother is also correct that there is no testimony to establish those facts either. Accordingly, father did not prove a *prima facie* case that he overpaid child support to mother, and the court did not err in denying father relief on that basis.

As for fees, as he argued to the trial court, father again argues that his claim concerning the overpayment of child support was actually an equitable claim for unjust enrichment and that ORS 107.135, pertaining to modifications of obligations in a judgment of dissolution, did not apply. We reject that contention. Father did not allege a claim for unjust enrichment against mother. Rather, father litigated the matter under ORS 107.135, and he also cited it as authorizing an award of his fees. As relevant here, ORS 107.135(8) provides that, in a proceeding described in ORS 107.135(1), "the court may assess against either party a reasonable attorney fee and costs for the benefit of the other party." The proceedings described in subsection (1) of that statute include motions to "[s]et aside, alter or modify any portion of the judgment that provides * * * for the custody, parenting time, visitation, support and welfare of the minor children and the children attending school." ORS 107.135(1)(a). The trial court properly awarded fees based on ORS 107.135(8).

Relying on ORCP 68, father reprises his objections in the trial court based on a number of procedural bars to the award of mother's attorney fees: (1) mother was not a prevailing party; (2) mother's fee petition was untimely; and (3) the petition contained vague time entries that did not support the fees claimed. Father's first argument is misplaced; the court awarded fees under ORS 107.135(8), after it heard evidence that supports an award of fees, because mother prevailed when the court dismissed father's motion concerning his alleged child support overpayments. Father

is also incorrect that mother's fee statement and cost bill were untimely. The court entered the supplemental judgment regarding the claimed support overpayment on May 16, and mother filed her statement and cost bill on May 23, within the 14 days required by ORCP 68 C(4)(a)(i). Finally, the supplemental judgment regarding fees and the record reflect that father asserted no specific objections to the details of mother's fee application, thereby waiving his current objection to the amount awarded. Even had father properly objected in the trial court, the documentation of counsel's work submitted with the application was detailed and supported the trial court's award of mother's fees.

Affirmed.